## Wytheville.

### SHELTON V. SHELTON.

#### June 12, 1919.

1.  DIVORCE — *Abandonment and Desertion — Condition in Decree Against Remarriage.*—A decree granting a wife a divorce *a vinculo* on the ground of abandonment and desertion for more than three years prior to the institution of her suit, contained the following provision: "And it appearing to the court from the record in this cause that the defendant has been several times divorced, and that this is the second divorce for the plaintiff, the court doth adjudge, order, and decree that neither of said parties shall marry again, as provided in section 2265 of the Code of Virginia (edition of 1904)."

    *Held:* That this provision was unauthorized, as section 2265, Code of 1904, only applies to a case in which the ground for granting the divorce is adultery, in which case the court may decree that the guilty party shall not marry again. The statute has no application to a case in which the cause for divorce is abandonment and desertion.

2.  DIVORCE—*Remarriage.*—No court can impose a restriction on the marriage of a divorced party without statutory grant of power.

3.  DIVORCE—*Final Decree—Reinstatement of Cause Without Notice.* —A decree for a divorce *a vinculo* gave leave to either party to move the court to reinstate the suit without notice. Code of 1904, section 3293, gives the court control over proceedings in the clerk's office during the preceding vacation, including the power to set aside discontinuances and reinstate causes; and section 3233 provides that a nonresident defendant, who has not been served with process, as in the instant case, may petition for a rehearing of a decree within three years. But no statute authorizes a court to grant to parties an indefinite time within which to move the court to reinstate a suit in which a final decree has been rendered, and which has been stricken from the docket, without notice.

Appeal from a decree of the Corporation Court of city of Lynchburg. From conditions attached to a decree in her favor, complainant appeals.

*Reversed.*

The opinion states the case.

*James H. Guthrie,* for the appellant.

·WHITTLE, P., delivered the opinion of the court.

Petitioner, Mary E. Shelton, filed her bill in the Corporation Court for the city of Lynchburg against her husband, John Henry Shelton, alleging that he had willfully abandoned and deserted her for more than three years prior to the institution of her suit, and praying for a divorce *a vinculo matrimonii.* At the hearing the court entered the decree under review, reciting that the charge of willful abandonment and desertion of the plaintiff by the defendant for more than three years had been proved, and decreeing that the marriage between the plaintiff and defendant be dissolved, and that the plaintiff be forever divorced from her husband, the defendant, to which decree was added the following provision: "And it appearing to the court from the record in this cause that the defendant has been several times divorced, and that this is the second divorce for the plaintiff, the court doth adjudge, order and decree that neither·of said parties shall marry again, as provided in section 2265 of the Code of Virginia (edition of 1904)."

[1, 2]    Petitioner assigns as error the provision in the decree "that neither of said parties shall marry again," as authority for which the trial court invokes Code, section ·2265. The section only applies to a case in which the ground for granting the divorce is adultery, in which case the court may decree that the *guilty party* shall not marry again. The statute has no application to a case like the present case,

in which the cause for divorce is abandonment and desertion. And "no court can impose a restriction on the marriage of a divorced party without statutory grant of power." Browne on Divorce and Alimony, p. 41, citing *Barber* v. *Barber,* 16 Cal. 378; *Elliott* v. *Elliott,* 38 Md. 357; *Sparhawk* v. *Sparhawk,* 114 Mass. 355; *Musick* v. *Musick,* 88 Va. 12, 17, 13 S. E. 302; 2 Bishop on Marriage and Divorce (5th ed.), secs. 698, 704.

Petitioner also assigns as error the provision in the decree that gives leave to either party to move the court to reinstate the suit without notice.

[3]   Code, section 3293, gives the court control over proceedings in the clerk's office during the preceding vacation, including the power to set aside discontinuances and reinstate causes; and section 3233 provides that a non-resident defendant who has not been served with process (this case), may petition for a rehearing of a decree within three years; but we know of no statute that authorizes a court to grant to parties an indefinite time within which to move the court to reinstate a suit in which a final decree has been rendered, and which has been stricken from the docket without notice. It will readily be perceived how such procedure might operate great prejudice to those who have acquired rights under the decree.

For these errors, the decree in the particulars referred to must be reversed, and this court will enter such decree as the corporation court ought to have entered, granting the parties a divorce from the bonds of matrimony in accordance with the statute in such case made and provided, and subject to no other restrictions.

*Reversed.*