FRANK L. BURT *vs.* IDA L. BURT.

IDA L. BURT *vs.* FRANK L. BURT.

SAME *vs.* SAME.

Suffolk.   November 13, 1896. — March 30, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Divorce — Statute — Evidence — " Drunkenness from the Excessive Use of Opium or other Drugs."*

At the trial of a libel for divorce under the St. of 1889, c. 447, for gross and confirmed drunkenness caused by the voluntary and excessive use of opium or other drugs, witnesses, some medical and others not, but who have been with the libellee for a long period of time and were familiar with her habits as to the use of morphine and its effects upon her, may state that, in their opinion, at various times when they saw her, she was under the influence of morphine.

A decree in a libel for divorce based on a construction of the St. of 1889, c. 447, as
  to divorces in case of gross and confirmed drunkenness caused by the voluntary
  and excessive use of opium or other drugs, to the effect that the libellant would
  be entitled to a decree if, at any time after the statute was in force, the libellee
  was in the condition set forth in the statute, although the gross character of the
  use of the drug had become modified or had ceased when the libel was brought,
  is erroneous.

THE FIRST CASE was a libel for divorce, brought by the hus-
band against the wife, for causes stated in the opinion. THE
SECOND CASE was an appeal by the husband from the Probate
Court, on the petition of the wife for separate support and
maintenance. THE THIRD CASE was a libel for divorce brought
by the wife against the husband, for the causes of adultery,
cruel and abusive treatment, and a failure to provide suitable
maintenance.

Trial in the Superior Court, before *Braley*, J., who ordered a
decree *nisi* for the husband in the first case, and dismissed the
petition for separate support in the second case, and the libel
in the third case; and Ida L. Burt alleged exceptions. The
facts appear in the opinion.

*F. E. H. Gary*, for Ida L. Burt.

*C. W. Bartlett & E. R. Anderson*, for Frank L. Burt.

LATHROP, J. The libel in the first case is brought under the
St. of 1889, c. 447, which was approved on June 7, 1889, and,
under the Pub. Sts. c. 3, § 1, took effect on the thirtieth day
next after the day of approval. It reads as follows : " A di-
vorce from the bond of matrimony may be decreed for gross and
confirmed drunkenness caused by the voluntary and excessive use
of opium or other drugs." This act was probably passed to sup-
plement the provision in the Pub. Sts. c. 146, § 1, where, among
other causes of divorce, is mentioned " gross and confirmed
habits of intoxication." It was held in *Commonwealth* v. *Whit-
ney*, 11 Cush. 477, that evidence of habitual intoxication from
the use of chloroform would not sustain a complaint under the
Rev. Sts. c. 143, § 5, charging a person with being a common
drunkard. So, too, the term " habitual intemperance " in the
divorce law of Connecticut, (*Barber* v. *Barber*, 14 Law Rep.
375,) and the term " habitual drunkenness " in the divorce law
of Missouri, have been held not to apply to the effect caused by
opiates. *Dawson* v. *Dawson*, 23 Mo. App. 169.

A question of evidence may first be considered. Certain witnesses, some medical and others not, but who had been with the libellee for a long period of time, and were familiar with her habits as to the use of morphine and its effect upon her, were allowed to state that, in their opinion, at various times when they saw her she was under the influence of morphine. We see no reason why this exception should not be overruled. The cases relied on by the counsel for the libellee differ widely from the case at bar. In *Batchelder* v. *Batchelder*, 14 N. H. 380, and in *Golding* v. *Golding*, 6 Mo. App. 602, it was held that witnesses could not testify in general terms that a man was an habitual drunkard, because this was the very point which the court was to decide, and their testimony must be limited to a statement of the facts observed. In the case at bar the witnesses were not asked whether the libellee was a gross and confirmed drunkard owing to the use of opium or other drugs, but were asked whether at certain times she was under the influence of morphine. It must be assumed that the medical men were qualified as experts, as nothing appears to the contrary, except the statement in the bill of exceptions that the libellee objected on the ground that they were not qualified to testify as experts. Nothing appears in the exceptions to support this objection. As to the witnesses who were not medical men, as it appears that they had been with the libellee for a long time, and were familiar with her habits, and the effect of morphine upon her, there is no reason why they should not have been permitted to state their opinion as to whether she was under the influence of morphine at particular times. Whether a person is drunk is a question which a person not an expert is competent to answer, as this is something which may fairly be considered to be a matter of common knowledge and observation. *People* v. *Eastwood*, 4 Kernan, 562. *State* v. *Huxford*, 47 Iowa, 16. While this does not wholly apply to a case of drunkenness produced by drugs, yet, if a person has seen many times a certain condition resulting from the use of a certain drug, there can be no objection to his giving his opinion, when he finds the same condition existing, that it is caused by the same drug.

The principal question in the case is whether the judge was justified in entering a decree *nisi*, on his findings of fact in favor

of the libellant. Under the terms of the statute there must not only be a use of morphine, but this use must be excessive, and must cause gross and confirmed drunkenness. Precisely what the Legislature intended by the word "drunkenness" in this connection we do not know, but we assume either that morphine produces a state of exhilaration and subsequent coma similar to that produced by the excessive use of alcoholic liquors, or that it produces other deplorable effects as detrimental to the marriage relation as those caused by alcoholic liquors.

The parties to the case were married on September 22, 1885, and lived together in Boston until about August 20, 1892, when the libellee left her home, and went to Concord Junction, where she has since lived apart from her husband. The libel was filed on November 13, 1893.

The judge found the following facts. At the time of her marriage the libellee used morphine to some extent, but the use was not gross or confirmed. The libellant knew this before the marriage, as he had prescribed it for her to relieve severe headaches. After her marriage her use of the drug increased, until the habit became confirmed, and to such an extent as to cause her to lie in bed at times until four o'clock in the afternoon. It also caused her to act in a stupid, irrational way, and this for long periods of time. After she left her husband, her use of morphine became less; and from that time up to the filing of this libel, nearly fifteen months, the gross character of its use became modified, or ceased; but she did not entirely abandon its use, and was somewhat under its influence.

We are of opinion that these findings did not warrant the decree which was entered for the libellant. We may infer from the findings that the use of the drug was gross and confirmed at some time after the St. of 1889, c. 447, took effect; and that the decree is not open to the objection that it was based on facts existing prior to the statute. Divorce statutes generally have been held not to be retrospective. *Greenlaw* v. *Greenlaw*, 12 N. H. 200. *Sherburne* v. *Sherburne*, 6 Greenl. 210. *Buckholts* v. *Buckholts*, 24 Ga. 238. *Scott* v. *Scott*, 6 Ohio, 534. *McCraney* v. *McCraney*, 5 Iowa, 232. *Giles* v. *Giles*, 22 Minn. 348.

We do not wish to be understood as saying that evidence of the use of the drug by the libellee before the statute took effect

would not be admissible in evidence, in the discretion of the court, but the substantive fact to be proved is the condition set forth in the statute, after it took effect.

The decree which was entered, in view of the finding of the libellee's use of the drug after she left her husband, seems to be based upon this construction of the statute, namely, that the libellant would be entitled to a decree if, at any time after the statute was in force, the libellee was in the condition set forth in the statute, although the gross character of the use of the drug had become modified or had ceased when the libel was brought. We are of opinion that this view is erroneous. " Gross and confirmed drunkenness " is a condition, just as what is called in the Pub. Sts. c. 146, § 1, " gross and confirmed habits of intoxication " is a condition. Substantially the same rules apply to both descriptions. Drunkenness cannot fairly be said to be gross and confirmed if, at the time the libel is filed, the character of the use of the intoxicant or drug has ceased for some length of time, so that it may fairly be found that the condition required by the statute no longer exists. The statute does not authorize a divorce on account of the use of a drug, but only for its abuse. The use must be excessive, and must produce a certain result; and this result must exist when the libel is filed.

We find no authorities precisely in point; but there are many under the statutes of other States, where a divorce is authorized for habitual drunkenness, or habitual intemperance, which seem to us to lead to the conclusion at which we have arrived. See Nelson on Div. & Sep. §§ 350–359, and particularly § 356.

We are of opinion, therefore, in the first case, that the exceptions must be sustained.

In the other two cases, nothing appears in the exceptions to show that the findings of the judge and the decrees entered by him were erroneous. In these cases the exceptions must be overruled.

*So ordered.*