[No. 15116.  Department Two.  August 12, 1919.]

F. O. TALBOT, *Respondent,* v. INDUSTRIAL INSURANCE COMMISSION, *Appellant.*[1]

MASTER AND SERVANT (121-2)—INJURIES TO SERVANT—REMEDIES UNDER WORKMEN'S COMPENSATION ACT—RETROACTIVE EFFECT.  Laws of 1917, p. 76, amending the workmen's compensation act and providing that, if the injury renders the workman so helpless as to require the services of a constant attendant, the monthly payment shall be increased twenty dollars, applies from the date of the passage of the act to injuries that occurred previously; and to so apply it does not give the act a retroactive effect contrary to the intention of the legislature.

Appeal from a judgment of the superior court for Clallam county, Ralston, J., entered September 5, 1918, reversing on appeal the rejection of a claim by the industrial insurance commission.  Affirmed.

[1]Reported in 183 Pac. 84; 187 Pac. 410.

*The Attorney General, D. E. Twitchell, Assistant, W. V. Tanner,* and *G. H. Bucey,* for appellant.

*Donworth, Todd & Higgins,* for respondent.

PARKER, J.—This is an appeal by the industrial insurance commission from a judgment of the superior court for Clallam county, reversing a decision of the commission which rejected and disallowed the claim of F. O. Talbot, made for an increased allowance because of his permanent disability and of his being so physically helpless as to require the constant services of an attendant.

The controlling facts are not in dispute, and may be summarized as follows: On May 12, 1917, Talbot was injured while employed in an extra hazardous occupation. His case was classified by the commission as one of "permanent total disability." The commission awarded him an allowance of $20 per month. Talbot's injuries were such that he is, and has been at all times since he was injured, not only totally disabled in the sense that his earning power is entirely destroyed, but he has been at all times since he was injured "so physically helpless as to require the services of a constant attendant;" and this he claims entitles him to an increased allowance of $20 per month so long as such requirement shall continue; resting his claim upon the conceded facts as to his condition and the provisions of chapter 28, Laws of 1917, p. 76, amending the workmen's compensation act.

On May 12, 1917, at the time Talbot was injured, the workmen's compensation act as then in force, paragraph b, Rem. Code, § 6604-5, fixed the compensation for injured workmen in cases of "permanent total disability" at a minimum of $20 per month and a maximum of $35 per month. The award of $20 per month and the refusal to award an increased monthly

allowance, as claimed by Talbot, was rested by the commission upon the theory that the law as existing at the time he was injured is the only law controlling the amount of monthly allowance he is entitled to. The legislature of 1917 amended that paragraph by adding thereto the following:

"In case of total permanent disability, if the character of the injury is such as to render the workman so physically helpless as to require the services of a constant attendant, the monthly payment to such workman shall be increased twenty dollars ($20.00) per month so long as such requirement shall continue, . . ." Laws of 1917, p. 78.

The increased award so provided in the amendment is subject to certain exceptions which it is not necessary to here notice. This amendment went into force June 6, 1917, after Talbot had received his injuries.

Counsel for the commission, while conceding that Talbot's condition is and has been, since he was injured, such as to bring his case under the amendment of 1917, if he had been injured after the going into force of the amendment, contends that his case does not come under the amendment because of his injury occurring before the amendment went into force. The argument is, in substance, that to award him such increased allowance would be to give the amendment a retroactive effect, and that there is nothing in the amendatory act suggesting any such legislative intent. We may concede, for argument's sake, that to award Talbot such increased allowance for any time he was in a helpless condition prior to the going into effect of the amendment would be to give it a retroactive effect, contrary to the intent of the legislature. The trial court, reversing the commission's refusal to award the claimed increased allowance, decided that Talbot was entitled thereto, but only from the date of the going

into effect of the amendment, and directed the commission to make such allowance, commencing as of that date, and continue the same "so long as the plaintiff by reason of his said injuries shall require the services of a constant attendant." We are of the opinion that this is not the giving to the amendment a retroactive effect, contrary to the intention of the legislature. The power of the legislature to provide for such an increased monthly allowance in such cases is not questioned by counsel for the commission, the only question here presented being as to the legislative intent in enacting the amendment.

We conclude that the judgment of the trial court must be affirmed. It is so ordered.

HOLCOMB, C. J., FULLERTON, MOUNT, and BRIDGES, JJ., concur.

## ON REHEARING.

[*En Banc.* February 9, 1920.]

PER CURIAM.—Upon a rehearing En Banc, a majority of the court adhere to the opinion heretofore filed herein, and for the reasons there stated, the judgment of the trial court is affirmed.