[No. 2388]

THE STATE OF NEVADA, Ex Rel. JOHN SPARKS, ET
AL., PLAINTIFFS, v. STATE BANK AND TRUST
COMPANY (A CORPORATION), ET AL., DEFEN-
DANTS.

FRANK L. WILDES, AS RECEIVER OF THE STATE BANK
AND TRUST COMPANY, APPELLANT, v. THE STATE
OF NEVADA, ET AL., RESPONDENTS.

[187 Pac. 1002]

1. BANKS AND BANKING—STATUTE GOVERNING COMPENSATION OF
   RECEIVER NOT RETROACTIVE.
      Where receiver of bank, ordered into involuntary liquida-
   tion under banking act of 1907, sec. 10, was appointed and
   duly qualified in 1908, and is still actively engaged in the
   performance of his duties, his compensation is not governed
   by act of March 29, 1915 (Stats. 1915, c. 286) ; said act not
   being retroactive.

2. STATUTES—WILL NOT BE CONSTRUED AS RETROSPECTIVE.
      As a general rule, a statute will not be construed to operate
   upon past transactions, but in futuro only.

3. STATUTES—EVERY REASONABLE DOUBT RESOLVED AGAINST RETRO-
   ACTIVE OPERATION.
      Every reasonable doubt is resolved against a retroactive
   operation; and, if all the language of a statute can be
   satisfied by giving it prospective action only, that construction
   will be given it.

4. RECEIVERS—STATUTE AS TO COMPENSATION PROSPECTIVE.
      The act of March 29, 1915 (Stats. 1915, c. 286), as to com-
   pensation of receivers of corporations involuntarily liquidated,
   seeks to enact a new rule of civil conduct, entirely prospective
   in its nature, and the rule against retrospective construction
   must be given full effect.

APPEAL from First Judicial District Court, Ormsby
County; *Frank P. Langan,* Judge.

Controversy between the State of Nevada, on the
relation of John Sparks and others and the State Bank
and Trust Company, a corporation and others, sub-
mitted on an agreed statement of facts. From the
decision rendered, Frank L. Wildes, as receiver of the
State Bank and Trust Company, appeals. **Reversed.**

*Mack & Green* and *Brown & Belford,* for Appellants:

A law can be given no retrospective or retroactive
operation, unless by the language of the statute it is

clearly made to have such effect. In either or any case it will be denied such operation if the effect is to impair the obligation of a contract entered into before the enactment or to deprive any person of property without due process of law, or to impose new obligations, liabilities or responsibilities not existing at the time of the enactment. Century Digest, vol. 44, sec. 344; Decennial Digest, vol. 18, sec. 263; 36 Cyc. 1205; 26 Am. & Eng. Ency. Law, p. 683; Sedgwick, S. & C. Law, pp. 188–191; Lewis's Sutherland, Stat. Constr., vol. 1, sec. 12; Merrill v. Sherburne, 1 N. H. 204; Elliott, Contracts, vol. 3, sec. 2725; Cooley, Const. Lim. 77.

The statute of 1915 (Stats. 1915, p. 507) is unconstitutional. The legislature cannot pass any special law "regulating the practice of courts of justice," or any law "where a general law can be made applicable." Const. Nev. sec. 20, art. 4; State v. Boyd, 19 Nev. 43; State v. Donovan, 20 Nev. 75. It would be difficult to find any law more violative of the constitutional provision inhibiting special or local laws than the act in question. People v. C. P. R. R. Co., 83 Cal. 393; Cullen v. Glendora W. Co., 113 Cal. 503; City v. Havern, 126 Cal. 226; Strong v. Digman, 207 Ill. 385; Board v. Bank, 40 Pac. 894; Bear Lake v. Budge, 75 Pac. 614; Dawson v. Eustace, 36 N. E. 87; Jones v. Chicago, R. I. & P. Co., 83 N. E. 215. The legislation must be appropriate to the classification and embrace all within the particular class. State v. Boyd, supra; Vulcanite P. C. Co. v. Allison, 69 Atl. 855. As to the subjects enumerated, the constitutional prohibition is absolute. Williams v. Bidleman, 7 Nev. 68; Schweiss v. District Court, 23 Nev. 226; Knopf v. People, 185 Ill. 20; Wolf v. Humboldt County, 32 Nev. 174; Kraus v. Lehman, 170 Ind. 408; State v. Parsons, 40 N. J. Law, 1; Longview v. Crawfordsville, 68 L. R. A. 622; Bedford Quarries v. Bough, 14 L. R. A. 418; Edmonds v. Herbransen, 50 N. W. 970; Seaboard Air Line v. Simon, 56 Fla. 545; 8 Cyc., sec. 1075.

The act of 1915, as applied to the case at bar, is unconstitutional and void, being an attempted legislative usurpation of the jurisdiction of the courts. Const. Nev.

sec. 1, art. 3, sec. 6, art. 6. Application of the act would be an attempt to vacate, alter or modify a final judgment of a constitutional court. The fact that the case is still pending does not alter or change the character of the decree as a final decree. Life I. Co. v. Auditor, 100 Ill. 478; Martin v. South Salem L. Co., 26 S. E. 591. Any vacation, alteration or modification of a judgment of any court, or any change of the rights of the parties thereunder, by an act of the legislature, is an unconstitutional infringement upon the judicial power. Ex Parte Darling, 16 Nev. 98; Skinner v. Holt, 69 N. W. 595; Butler v. Supervisors, 26 Mich. 22; Radcliffe v. Anderson, 31 Grat. 105; Gaines v. Executors, 9 B. Mon. 295; Roche v. Waters, 72 Md. 248.

The act is unconstitutional and invalid because it impairs the obligations of a contract under which the receiver was appointed, rendered services and earned compensation. "No state shall pass any law impairing the obligations of contracts." Const. U. S., sec. 10, art. 1. "No * * * law impairing the obligation of contracts shall ever be passed." Const. Nev. sec. 15, art. 1; Security L. I. Co. v. LeClerc, 31 Hun, 36; Montgomery County v. Talley, 169 S. W. 1141. "But after the official services have been rendered, a contract to pay for them at the legal rate exists which cannot be impaired even by the legislature." 29 Cyc. 1427; Hill County v. Sauls, 134 S. W. 267.

The law in force at the time of the performance of the services by the receiver provided for a "reasonable compensation," to be fixed by the court. Rev. Laws, 1199. He cannot be deprived of such "reasonable compensation" by any law enacted after the services have been performed. If no compensation was fixed by law at the time of the performance of the services, he is entitled to a reasonable compensation. Bohart v. Anderson, 103 Pac. 742; Washoe County v. Humboldt County, 14 Nev. 123; Toronto v. Salt Lake County, 10 Utah, 410, 27 Pac. 587.

*Leonard B. Fowler,* Attorney-General, and *Robert Richards,* Deputy Attorney-General, for Respondent:

The act of 1915 is retroactive, and not merely prospective; and in any event, the compensation of the receiver is in the nature of costs. The law is well settled that costs are governed by the law in effect at the termination of the proceeding. 36 Cyc. 1219.

The very intent and purpose of the act is that it should be given a retrospective effect. The language is plain as to the intent of the legislature. A statute must not be defeated by a "forced and overstrict construction." Ex Parte Prosole, 32 Nev. 378. "It is a rule of statutory construction that all statutes are to be construed as having only a prospective operation, unless the purpose and intention of the legislature to give them a retrospective effect is expressly declared or is necessarily implied from the language used. 36 Cyc. 1205.

The right to compensation of the receiver was not vested, in any sense. Under his appointment there was secured to him only the power to act as receiver. His compensation depended upon the due fulfilment of his trust, the judgment of the court fixing the same, and the rules of procedure that might from time to time be entered by legislative authority. His rights in this regard were merely inchoate, subject to vesting pursuant to legislative will. Endlich, Inter. Stats., secs. 281, 290; 36 Cyc. 1226, 1233.

The statute attacked regulates procedure, a matter "in the nature of costs." These are always within legislative control. 36 Cyc. 1219; Lew v. Bray, 81 Conn. 213; Turley v. Logan County, 17 Ill. 151; Bonney v. Reed, 31 N. J. Law, 133; Hepworth v. Gardner, 4 Utah, 439.

By the Court, DUCKER, J.:

This case is submitted for consideration and decision upon an agreed statement of facts. It appears therefrom that the State Bank and Trust Company was a banking corporation, organized and existing under and

by virtue of the laws of this state, and on the 18th day of May, 1908, was ordered into involuntary liquidation under the provisions of section 10, c. 119, of the banking act of 1907, by the district court of the First judicial district of this state. The appellant, Frank L. Wildes, was at the same time duly appointed by the court as receiver of the property and assets of said corporation for the purpose of winding up and liquidating its business and affairs. He duly qualified, and ever since said 18th day of May, 1908, has been, and still is, actively engaged in the performance of his duties.

On the 6th day of August, 1914, appellant filed in said district court his petition, praying for an order fixing his compensation as such receiver. Thereafter, on the 29th day of January, 1919, the said court in a written decision held that the compensation of the receiver for all services rendered during his receivership is governed by the act of 1915, regulating the compensation of receivers of corporations in cases of involuntary dissolution or liquidation, approved March 29, 1915. It reads:

"A receiver of a corporation appointed in any proceeding heretofore or hereafter instituted for the involuntary liquidation or dissolution of such corporation and the winding up of its affairs, in addition to his necessary expenses, shall receive as compensation for his services not to exceed two per cent of all moneys or sums received by him, and an additional two per cent of all moneys paid out by him in dividends; provided, however, in case of extraordinary services rendered by the receiver the court may allow him an additional one per cent upon final accounting of all moneys disbursed by him by way of dividends. Any order, judgment, decree, or proceeding allowing any greater or further compensation than that provided in this act to any receiver of any insolvent corporation appointed in a proceeding for its involuntary liquidation or winding up shall be void." Stats. 1915, p. 507.

1. Appellant contends that his compensation as such receiver is not regulated or limited by the provisions of this act. Hence this appeal.

2. It is urged primarily that the statute of 1915 is prospective in its operation and has no retrospective effect.  As a general rule, a statute will not be construed to operate upon past transactions, but in futuro only. It is a maxim, which is said to be as ancient as the law itself, that a law ought to be prospective, not retrospective, in its operation.  Retrospective legislation is not favored, and, except when resorted to in the enactment of curative laws, or such remedial acts as do not create new rights or take away vested ones, is apt to result in injustice.  The reason is well expressed in Jones v. Stockgrowers' National Bank, 17 Colo. App. 79, 67 Pac. 177:

"Every citizen," says the court, "is supposed to know the law, and to govern his conduct, both as to business affairs and otherwise, in accordance with its provisions. It would be a manifest injustice if, after rights had become vested according to existing laws, they could be taken away, in whole or in part, by subsequent legislation."

3. From a consideration of the pronounced policy of the law against retrospective legislation, there has been evolved a strict rule of construction in this regard.

"There is always a presumption that statutes are intended to operate prospectively only, and words ought not to have a retrospective operation unless they are so clear, strong, and imperative that no other meaning can be annexed to them, or unless the intention of the legislature cannot be otherwise satisfied.  Every reasonable doubt is resolved against a retroactive operation of a statute.  If all of the language of a statute can be satisfied by giving it prospective action only, that construction will be given it."  United States v. Heth, 3 Cranch, 399, 2 L. Ed. 479;  United States v. Alexander, 12 Wall. 177, 20 L. Ed. 381;  United States v. Burr, 159 U. S. 78, 15 Sup. Ct. 1002, 40 L. Ed. 82;  United States Fidelity Co. v. United States, 209 U. S. 306, 28 Sup. Ct. 537, 52 L. Ed. 804;  People v. O'Brien, 111 N. Y. 1, 18 N. E. 692, 2 L. R. A. 255, 7 Am. St. Rep. 684;  Ducey v. Patterson, 37 Colo. 216, 86 Pac. 109, 9 L. R. A. (N.S.)

1066, 119 Am. St. Rep. 284, 11 Ann. Cas. 393; White Sewing Machine Co. v. Harris, 252 Ill. 361, 96 N. E. 857, Ann. Cas. 1912D, 536; Lawrence v. City of Louisville, 96 Ky. 595, 29 S. W. 450, 27 L. R. A. 560, 49 Am. St. Rep. 309; 6 Am. & Eng. Ency. Law, 939; 36 Cyc. 1205–1208; 25 R. C. L. 787, 788, 789.

"This rule," says Paterson, J., in United States v. Heth, supra, "ought especially to be adhered to, when such a construction [retrospective operation] will alter the preexisting situation of parties, or will affect or interfere with their antecedent rights, *services,* and *remuneration,* which is so obviously improper that nothing ought to uphold and vindicate the interpretation but the unequivocal and inflexible import of the terms, and the manifest intention of the legislature." (The italics are ours.)

4. It is apparent that the statute does not deal with anything which is ordinarily the subject-matter of legitimate retrospective legislation, but seeks to establish a different rule of compensation for the services of receivers in a particular class of cases from that which was in force at the time of the enactment. In other words, it seeks to enact a new rule of civil conduct entirely prospective in its nature. So the rule against retrospective construction must be given full effect. The language of the statute, "A receiver of a corporation appointed in any proceeding heretofore or hereafter instituted * * *" could have been transposed by the legislature so that no doubt would be left of the intention to give it retroactive operation. If it read, "A receiver of a corporation heretofore or hereafter appointed in any proceeding instituted, * * *" all doubt would have been removed. It would be reasonable to assume that such a simple and natural transposition of a few words of the same language, clarifying and rendering unmistakable the intention of the legislature, would have been made, if retrospective operation of the statute were meant. The words of the statute, "A receiver of a corporation appointed," are clearly of prospective operation, as are

the words, "proceedings hereafter instituted." . The only language in the statute of retrospective operation is the word "heretofore," but this seems to refer to any proceeding instituted, and not to the appointment of a receiver. It is quite possible that a proceeding for the involuntary liquidation or dissolution of a corporation may have been pending in this state when the statute was enacted and a receiver thereafter appointed, so there is nothing incongruous in the view that the legislature intended to provide for such a case, as well as for future proceedings and appointments.

Force is given to this conclusion when we consider the closing sentence of the statute:

"Any order, judgment, decree, or proceeding allowing any greater or further compensation than that provided in this act to any receiver of any insolvent corporation appointed in a proceeding for its involuntary liquidation or winding up shall be void."

There is nothing retroactive in this language. It cannot be said that the legislature meant to declare any order, judgment, or decree of court, fixing the compensation of a receiver made prior to the enactment, void. Such a construction is unwarranted by the language of the sentence, and, furthermore, would render the provision so palpably unconstitutional as to preclude the idea that retrospective operation was intended by the legislature. If it did not mean the statute to have retrospective operation as to orders, judgments, or decrees of court fixing a receiver's compensation, it is fair to assume, in the absence of compulsory language to the contrary, that it did not intend such retroactive effect as to the receivership itself. The intention must be deduced from a view of the whole statute and from the material parts of it. On the whole, it cannot be said that there is anything on the face of the statute putting it beyond doubt that the legislature meant it to operate retrospectively. Cooley, Const. Lim. (6th ed.) 77.

As we conclude that the statute is prospective in its operation, and therefore not applicable to the case under

consideration, we will not pass upon the constitutional questions raised by appellant. The lower court erred in holding that the compensation of the receiver is regulated and limited by the act of 1915, for which a reversal is ordered.