[No. 2555]

## E. D. VIRDEN, RESPONDENT, *v.* GEORGE D. SMITH, JOHN MADISON GRAY, F. W. INGRAM, AND NEVADA INDUSTRIAL COMMISSION, APPELLANTS.

[210 Pac. 129]

1. MASTER AND SERVANT—COMPENSATION ACT LIBERALLY CONSTRUED.
   The workmen's compensation act is remedial legislation, and should be liberally construed.

2. STATUTES—PRESUMED TO OPERATE PROSPECTIVELY AND NOT RETROACTIVELY.
   Statutes are presumed to operate prospectively only, and will not be construed retrospectively, unless such meaning is imperatively expressed, or the legislative intent cannot be otherwise satisfied.

3. MASTER AND SERVANT—COMPENSATION ACT AMENDMENT, INCREASING DISABILITY BENEFITS, NOT RETROACTIVE.
   Stats. 1921, c. 161, amending Stats. 1917, c. 233, increasing benefits for disabilities, is not retroactive.

APPEAL from Second Judicial District Court, Washoe County; *George A. Bartlett,* Judge.

Upon denial of E. D. Virden's application to the Nevada Industrial Commission for additional allowance for disability, he brought action against the Commission. From a judgment in his favor, the Commission appeals. **Judgment reversed.**

*L. B. Fowler,* Attorney-General, and *Robert Richards,* Deputy Attorney-General, for Appellants:

The insurance act amendment creates new rights, and therefore can cover only new cases, and cannot affect past cases either in favor of or against injured workmen or the Nevada Industrial Commission. Riggs v. Lehigh Portland Cement Co., 131 N. E. 231.

The rule relating to retroactive or retroactive and prospective legislation is well settled, particularly in this state. Wildes v. State, 43 Nev. 393.

Claimant's rights were fixed, not by the common law, but by virtue of the statute as it subsisted at the time of the accident. This constituted a contract. The legislature could not decrease the award, then why should

it be contended that it might increase it? Amendments to compensation acts may act retroactively only when they affect the procedure, but not when they interfere with substantial rights. Kuen v. L. V. Co., 110 Atl. 731; Rosh v. I. P. Co., 170 N. W. 532; People v. McGovetty, 270 Ill. 610.

"Where the amendment affects substantive rights of the parties it has no retroactive effect." Schneider's Compensation Law, vol. 2, sec. 577, and cases there cited.

*Mack & Green, Charles H. Burritt* and *E. C. Short,* for Respondent:

We concede that it cannot be held, and it is not necessary to be held, that the statute is retroactive in its operation. No claim is made for additional allowance, except since the amendment became effective. It follows that the cases cited by the attorney-general are not applicable to the case at bar. The cases of Hansen v. Flynn, 183 N. Y. Supp. 213; Caldwell v. Bedford Co., 126 N. E. 439; Moran v. Robers, 168 N. Y. Supp. 410, and Boyer v. Crescent Factory Co., 78 South. 596, only go to the extent of holding that "the question of dependency shall be determined as of the time of the accident." This is not different from the rule provided by subdivision b of section 26, Stats. 1917, p. 446.

Riggs v. Lehigh Co., 131 N. E. 231, is not in point under our statutes. It holds that the condition of dependency must be determined as of the date of the award, while our statutes fix it with the date of the injury.

Section 21a (Stats. 1913, p. 145) permits the commission "to increase or decrease the rates above provided."

Workmen's compensation acts should be liberally construed. Appeal of Hotel Bond Co., 93 Atl. 245, 89 Conn. 143; Kennerson v. Thames Towboat Co., 94 Atl. 372, 89 Conn. 367, L. R. A. 1916A, 436; Coakley v. Coakley, 102 N. E. 930, 216 Mass. 71, Ann. Cas. 1915A, 867; Young v. Duncan, 166 N. E. 1, 218 Mass. 346; Winfield v.

N. Y. C. R. R. Co., 153 N. Y. S. 499; Milwaukee v.
Miller, 144 N. W. 188, 1 Ann. Cas. 1915B, 847; McAles-
ter Colliery Co. v. State Ind. Com., 204 Pac. 630; Mulk-
hall v. Nashen Mfg. Co., 115 Atl. 449; Industrial Com.
of Colorado v. State Compensation Fund, 203 Pac. 215.
We think these cases show that Riggs v. Lehigh Co.,
supra, is not in point, and commend the case of Talbot
v. Ind. Ins. Com., 183 Pac. 84, to the consideration of
the court.

By the Court, DUCKER, J.:

On the 20th day of July, 1918, the respondent, whose
employers had accepted the provisions of an act of the
legislature of this state known as the workmen's com-
pensation act (Stats. 1911, c. 111), sustained injuries in
the course of his employment, which resulted in perma-
nent and complete paralysis of both legs, from the hips
downwards. On that date respondent's employees noti-
fied the Nevada Industrial Commission of the accident
and resulting injuries, which made an award to respon-
dent of $50 per month, pursuant to the rate then fixed
by said act for such cases. The provision under which
the rate was fixed read as follows:

"Permanent total disability: In cases of total disa-
bility adjudged to be permanent, compensation of fifty
per cent (50%) of the average monthly wage, but not
less than twenty dollars ($20) per month nor more than
fifty dollars ($50) per month during the life of the
injured person." Stats. 1917, p. 443.

This compensation has ever since been paid. On
March 22, 1921, the act was amended so that this
provision reads as follows:

"Permanent total disability: In cases of total disa-
bility adjudged to be permanent, compensation of sixty
(60%) per cent of the average monthly wage, but not
less than thirty ($30) dollars per month nor more than
sixty ($60) dollars per month during the life of the
injured person; provided, in cases of permanent total
disability, if the character of the injury is such as to

render the workman so physically helpless as to require the services of a constant attendant, an additional allowance of thirty ($30) dollars per month may be made so long as such requirements shall continue, but such increase shall not obtain or be operative while the workman is receiving hospital care under or pursuant to the provisions of section 23 of this act." Stats. 1921, p. 239.

On or about the 9th day of July, 1921, the respondent applied to the Nevada Industrial Commission for the allowance of an additional $30 per month pursuant to the nurse-allowance provision of the amendment. The application was denied by the commission. An action was instituted by the respondent against the commission in the district court which resulted in a judgment in favor of the former—that he recover from the latter the sum of $30 per month from and after the 28th day of March, 1921, and for so long as his condition required for him the attendance and services of a practical nurse. Hence this appeal by the officers constituting the commission.

1, 2. There is no controversy as to the facts, but merely as to the application of the amendment and its validity, if intended by the legislature to act retroactively. Appellants contend that it is prospective in its operation, and, further, that if it is retroactive in its operation, it impairs the obligation of a vested agreement entered into as an award pursuant to statute, and therefore violates constitutional inhibitions. Although the workmen's compensation act is in derogation of the common law, it is remedial legislation, and should be liberally construed to effectuate its purpose. This class of legislation, however, constitutes no exception to the general rule. It is deemed prospective and not retroactive in its operation. The rule of construction in this regard is of strict application. Milliken v. Sloat, 1 Nev. 573. It was recently applied by this court in Wildes v. State, 43 Nev. 388, 187 Pac. 1002:

"There is always a presumption," said the court in that opinion, quoting approvingly from United States v.

Heth, 3 Cranch, 399, "that statutes are intended to operate prospectively only, and words ought not to have a retroactive operation unless they are so clear, strong, and imperative that no other meaning can be annexed to them, or unless the intention of the legislature cannot be otherwise satisfied. Every reasonable doubt is resolved against a retroactive operation of a statute. If all the language of a statute can be satisfied by giving it prospective action only, that construction will be given it."

3. This declaration of the rule is in harmony with established principle, and, keeping it in mind, we can find nothing in the language of the amendment, considered singly or in connection with the wording of the entire act, to indicate any legislative intent to give the amendment retroactive effect.

Respondent concedes that the amendment is prospective, but contends that the action of the lower court in awarding him a nurse allowance of $30 per month from the date of its enactment gives the amendment no retroactive operation. We think it does. Respondent's injuries were sustained prior to its enactment, and his right to compensation was determined in accordance with the statute then in force. The amendment empowered the commission to award a larger compensation during the life of an injured person, and prevented it from making the award as low as the minimum fixed by the statute amended. In addition the nurse allowance, which respondent claims, was provided. Clearly these changes are not formal, but substantial. They pertain to no matters of procedure. They concern the right and not the remedy. If the amendatory statute be construed so as to entitle the respondent to recover under its nurse-allowance provision from the date of enactment, the effect of the statute is to enlarge the right he had at the time he received the injuries.

The case of Talbot v. Industrial Insurance Commission, 108 Wash. 231, 183 Pac. 84, is cited in respondent's brief, and declared to be conclusive of the inquiry on

this appeal. It was also referred to by the trial court in its written decision, and considered directly in point. In Talbot v. Industrial Insurance Commission the facts were substantially the same as in the case under consideration. The injured person was totally disabled, and at all times since his injury had been so physically helpless as to require the services of a constant attendant. The commission awarded him compensation under the existing law, and refused to award him an increased monthly allowance under an amendment similar to the one in question. The trial court reversed the commission's refusal to award the increased allowance claimed, and held that the injured person was entitled thereto, but only from the date of the going into effect of the amendment. The supreme court held that this ruling did not give the amendment a retroactive effect contrary to the intention of the legislature. The case is squarely in point, and supports respondent's position, but we are not able to reach the same conclusion in the case before us. No reasoning as to the construction placed upon the amendment, or statement of the rule employed by which the legislative intent was ascertained, appears in the opinion in Talbot v. Industrial Insurance Commission. It is also to be observed that upon a rehearing in that case, only a majority of the court adhered to the original opinion. 108 Wash. 234, 187 Pac. 410. Our construction of the amendment before us leads us to an opposite conclusion.

As we are of the opinion the judgment of the lower court gives the amendment a retroactive effect contrary to legislative intent, it must be reversed.

It is so ordered.