STATE EX REL. PROGRESS *v.* FIRST JUDICIAL DISTRICT COURT, IN AND FOR STOREY COUNTY, ET AL.

No. 2948

September 1, 1931.                              2 P. (2d) 129.

(DUCKER, J., dissenting.)

*Harlan L. Heward,* for Petitioner:

*William S. Boyle,* for Respondent:

*Albert D. Ayres,* Amicus Curiæ:

*A. E. Painter*, Amicus Curiæ:

## OPINION

By the Court, COLEMAN, C. J.:

This is an original proceeding in prohibition.

On November 6, 1930, Joseph Progress instituted a suit for divorce in the respondent court. On April 20, 1931, he sought to amend his complaint by adding thereto a third cause of action, alleging that the plaintiff and defendant, since they were intermarried and for more than five consecutive years last past, have lived apart without cohabitation.

The last legislature enacted a bill creating an additional cause for divorce, which provides that a divorce may be granted when a husband and wife "have lived apart" for five consecutive years without cohabitation. The act provides that it should take effect and be in force from and after its passage and approval. It was approved March 23, 1931. Stats. 1931, p. 180, c. 111.

The only question for our determination is whether the act is retrospective in its operation. If it is, the writ must be denied.

■ It is the general rule, recognized by this court, that statutes are prospective only unless it clearly,

strongly, and imperatively appears from the act itself that the legislature intended that it should be retrospective in its operation. Milliken v. Sloat, 1 Nev. 573; Wildes v. State, 43 Nev. 388, 187 P. 1002; Virden v. Smith, 46 Nev. 208, 210 P. 129.

Counsel for the petitioner, in support of his contention that the act in question is prospective only, cites the following cases arising out of statutes authorizing the granting of divorces, namely: Scott v. Scott, 6 Ohio, 535; Buckholts v. Buckholts, 24 Ga. 238; Sherburne v. Sherburne, 6 Me. (6 Greenl.) 210; Tufts v. Tufts, 8 Utah, 142, 30 P. 309, 16 L. R. A. 482; Burt v. Burt, 168 Mass. 204, 46 N. E. 622; Pierce v. Pierce, 107 Wash. 125, 181 P. 24; Barrington v. Barrington, 200 Ala. 315, 76 So. 81; Giles v. Giles, 22 Minn. 348.

We are unable to see that the first three cases can be of any aid to this court in deciding the question before us, since neither of them state the terms of the statute under consideration. The statute construed in Giles v. Giles is so clearly prospective that it is no aid in reaching a conclusion in this matter. The opinions in Tufts v. Tufts and Burt v. Burt throw no light upon the question before us. The other two cases cited by counsel support his contention, but there is a strong dissenting opinion in each of them.

There are many cases growing out of divorce statutes in which it was held that, the statute being prospective, the divorce could not be awarded, but they are not cases in which there could be a doubt as to the application of the general rule which we acknowledge as being controlling in determining if a statute is retrospective.

While it is the general rule that statutes are to be given a prospective, rather than a retrospective, operation, like all other rules of interpretation it is indulged to give effect to the presumed and reasonably probable intention of the legislature, when the terms of the statute do not of themselves make the intention clear and certain, and cannot be invoked to change or defeat the intention when it is made obvious or manifest by the

terms of the statute. Lamb v. Powder River Live Stock Co. (C. C. A.) 132 F. 434, 67 L. R. A. 558.

■ We think the statute in question is clearly retrospective, as well as prospective. By its terms it went into effect on the day it was approved and it refers to married couples who "have lived apart for five consecutive years without cohabitation." We are at a loss to see how the legislature could more clearly, strongly, and imperatively have expressed its intention that the act should be given a retrospective effect. The words "who have lived apart" must be given their plain ordinary meaning. It is not our duty to seek to give to the words in question a cryptic meaning simply because the marriage state is one which is looked upon as sacred. In fact, while no authority seems to have offered the suggestion, historically, it occurs to us that much may be said in opposition to any such idea. In England, at common law an absolute divorce could be granted only by Parliament, which power is still exercised by that body. In the early history of our states an absolute divorce was granted by the legislature. Virginia did not adopt a general divorce law conferring jurisdiction upon a court until March, 1841, and it is fair to presume that the hearing of such matters became so burdensome that the legislatures were driven to this step, the amazing thing being that it was so long deferred. In the very nature of things such legislative divorces were for past offenses.

The supreme court of Louisiana, in Hurry v. Hurry, 141 La. 954, 76 So. 160, 161, had under consideration a statute which authorized the granting of a divorce "when married persons have been living separate and apart for a period of seven years or more." In an unanimous opinion the court held that it was impossible to say that the legislature intended to refer only to married persons who shall hereafter live separate and apart.

Other decisions supporting the conclusion we have reached are Long v. Long, 135 Minn. 259, 160 N. W. 687, L. R. A. 1917c, 159; Cole v. Cole, 27 Wis. 531.

For the reasons given, it is ordered that this proceeding be, and the same is hereby, dismissed.

SANDERS, J.: I concur.

DUCKER, J., dissenting:

With all due respect for the judgment of my associates, I think that their conclusion that the statute enacted by the last legislature creating an additional cause for divorce was intended to be retroactive in its operation is not warranted by the language of the statute. The statute in part (Stats. 1931, c. 111) reads:

"SECTION 1. Divorce from the bonds of matrimony may be obtained * * * When the husband and wife have lived apart for five consecutive years without cohabitation the court may at its discretion grant an absolute decree of divorce at the suit of either party."

It may be conceded that the language "have lived apart" is broad enough to admit of retroactive operation, but, as said in regard to the same language in Barrington v. Barrington, 200 Ala. 315, 76 So. 81, it does not necessarily or clearly include such a case.

In Nelson on Divorce and Separation, vol. 1, in section 12, the author says: "A divorce law will not be given a retrospective operation even though the terms might admit of it."

Whether the statute was designed to reach into the past and make an innocent act a ground for divorce is, of course. the business of the legislature; ours is to determine whether, under well-settled rules of construction, the legislature intended a throw-back of this character, for there is no constitutional inhibition as to retroactive legislation.

But in face of the strong presumption to be indulged in favor of the prospective operation of a statute, something more than the broad scope of general language ought to be required to make clear and unmistakable the intent to give a law a retroactive effect.

In the absence of a specific designation or language from which the implication is absolute that retroactive

operation was intended, prospective construction should be the rule. This rule has been almost universally recognized and has been recognized and declared by this court for over half a century. Milliken v. Sloat, 1 Nev. 573; Wildes v. State, 43 Nev. 388, 187 P. 1002, 1003; Virden v. Smith, 46 Nev. 208, 210 P. 129. In Milliken v. Sloat, supra, the court said: "The settled and approved doctrine at this day is, that such power exists [power to enact retrospective legislation] outside of an express and positive constitutional inhibition in certain enumerated cases (as for instance, laws of a criminal nature, or laws impairing the obligation of contracts, which are positively inhibited), and that the only check upon this power seems to be that the courts will not give a retrospective interpretation to statutes unless the intention of the law-makers is so plain, either by express words, or by unavoidable implication, as not to fairly admit of the opposite construction. To state the proposition with all the clearness we can command, and to avoid misapprehension, our understanding of the law on this subject as now settled is, that the primary rule of construction is to give a statute a prospective effect, but that the rule must yield if the retroactive intention is so plainly expressed or manifest as to leave no doubt upon the mind."

Does this presumption yield to the words "have lived apart?" Do they remove all doubt from the mind that retroactive effect was intended? I am doubtful. My associates say: "We are at a loss to see how the legislature could more clearly, strongly, and imperatively have expressed its intention that the act should be given a retroactive effect." It is not difficult for me to see how language more certain could have been employed to express the intent to give the new ground for divorce retroactive operation. If the legislature had said, "this statute shall be retroactive as well as prospective in its operation," or had said, "a husband and wife who heretofore have lived apart," or, "who hereafter shall live apart," the intent would have been

clear. Had such terms been employed, the awakening of the female spouse in this case, who is presumed to know the legal effects of her acts as affecting her marital status, and who therefore knew that her living apart from her husband was innocent so far as furnishing any cause for divorce, to a realization that her innocent act is now a ground for divorce, for which she is held accountable, would not have been so rude.

This court in Wildes v. State, supra, quoted approvingly the words of Paterson, J., in United States v. Heth, 3 Cranch, 399, 2 L. Ed. 479, as follows: "This rule ought especially to be adhered to, when such a construction (retrospective operation) will *alter the pre-existing situation of parties, or will affect or interfere with their antecedent rights,* services, and remuneration, which is so obviously improper that nothing ought to uphold and vindicate the interpretation but the unequivocal and inflexible import of the terms and the manifest intention of the Legislature." I have supplied the italics.

And from this judicial declaration of our highest court it is clear that there should be no relaxation of the rule in divorce cases. Authority in support of its application generally in such cases, or particularly to a case of this character, is ample and satisfactory. 19 C. J. p. 20, 26, 38; Barrington v. Barrington, 200 Ala. 315, 76 So. 81, 84; Pierce v. Pierce, 107 Wash. 125, 181 P. 24, 25; Carson v. Carson, 40 Miss. 349; Jarvis v. Jarvis, 3 Edw. Ch. (N. Y.) 462; Scott v. Scott, 6 Ohio, 535; Buckholts v. Buckholts, 24 Ga. 238; Sherburne v. Sherburne, 6 Me. (6 Greenl.) 210; Given v. Marr, 27 Me. 212; Tufts v. Tufts, 8 Utah, 142, 30 P. 309, 16 L. R. A. 482; Burt v. Burt, 168 Mass. 204, 46 N. E. 622; Giles v. Giles, 22 Minn. 348.

In 19 C. J. p. 38, it is said: "A statute declaring the causes for which divorce may be granted is ordinarily to be given a prospective operation only and does not authorize a divorce for a specified cause which occurred before the statute was enacted."

The cases of Barrington v. Barrington and Pierce v. Pierce are strong cases and are both directly in point with the case at bar. Each was a divorce case and in each divorce was denied. In the Barrington Case the statute construed read: "Or when the wife without support from him has lived separate and apart from the bed and board of the husband for five years next preceding the filing of the bill, and she has bona fide resided in this state during all of said period." In the Pierce Case the statute read: "Divorces may be granted by the superior court on application of the party injured, for the following causes: * * * 8. Where the parties are estranged and have lived separate and apart for eight years or more and the court shall be satisfied that the parties can no longer live together." In each of these cases the court applied the rule that has been stated and held that retroactive effect could not be given to the statute.

In the majority opinion in the instant case stress is placed upon the fact that there was a dissenting opinion in each of the foregoing cases. It appears, however, that in the Pierce Case four of the five justices participating concurred in the prevailing opinion, and in the Barrington Case three of the four justices participating concurred.

The majority opinion in the instant case cites the cases of Hurry v. Hurry, 141 La. 954, 76 So. 160, 161; Long v. Long, 135 Minn. 259, 160 N. W. 687, L. R. A. 1917c, 159; and Cole v. Cole, 27 Wis. 531. In the Wisconsin case the statute involved was different from ours in that it read, "shall have voluntarily lived entirely apart," instead of "have lived apart" as ours is phrased. But be that as it may, it appears from the opinion in Cole v. Cole that there was applied a different rule than that which has been recognized and applied in this jurisdiction for more than fifty years. The court reversed the presumption. The court said: "There is nothing in the language of this statute which would seem to require that the five years' separation must have

occurred after the law took effect, and we must presume that it was intended to apply to present separations as well as future ones."

As stated in Barrington v. Barrington, supra, the value of the case of Cole v. Cole "as an authority is destroyed by reason of the fact that the Wisconsin court applied a rule of construction which is the exact antithesis of ours, viz, retrospective operation is there presumed because it is not forbidden by the language of the act itself." In the case of Long v. Long the statute involved was not one dealing with the separation of husband and wife. In the case of Hurry v. Hurry the statute construed reads: "That when married persons have been living separate and apart for a period of seven years or more. * * *"

I am not satisfied with the reasoning upon this statute. The court said it is impossible to say that the legislature in act No. 269 intended to refer only to married persons who shall hereafter live separate and apart for a period of seven years or more. This seems to be viewing the statute in the same way as in Cole v. Cole. The rule is, not that prospective operation will be presumed when it cannot be said that it was not intended, but that retroactive operation will not be presumed unless the intent to give a statute such effect is manifest.

There is nothing on the face of the statute before us to relate back beyond the date of its enactment except the words "have lived apart." They do not meet the requirement of the rule. The provision that the act should take effect and be in force from and after its passage and approval, as stated by counsel, merely makes the effective date of the statute in question March 23, 1931, instead of July 1, 1931.

For the reasons given I have been impelled to dissent from the majority opinion of the court.