(Sedgwick, J.,
observed that such a practice had formerly obtained, biii; that, some time since, on considering the statute with more attention, the Court were satisfied that the practice was wrong, and in all late cases they had refused ihe alimony.)
The doctrine that ex post facto laws are void, relates only to such laws as go to inflict a penalty on an action not criminal at the time of its commission, or to laws affecting contracts previously made. But this statute relates to neither. It is much nearer akin to the laws proscribing the descent and distribution of estates.
A woman married to-day has an inchoate right to the third part of her husband’s lands, as her dower. But no one doubts the right of the legislature to declare, by law, that dower in future shall be the fourth part only, instead of the third part, and that if such declaration was made, it would, without question, apply to the case of a woman married before.
So, till within a few years, the eldest son inherited two shares in the estate of his father dying intestate. The legislature abolished this pract oe ; and it was never doubted they had a right so to do *213 and that the new law applied to the estates of all persons dying intestate after the law was passed
Otis and Prescott for the libellant.
Amory and Dexter for the respondent.
The wife of one dying intestate, and without issue, is, by the existing laws, entitled to one moiety of her husband’s personal property. If the legislature were, by a new law, to say that wives so situated should hereafter take the whole personal estate, would this be properly objected to as an ex post facto law ? The scope of the respondent’s argument is simply this : — When I committed these acts of adultery, I knew that the only penalty upon * me was a divorce from my wife, and an assignment [ * 227 j to her of dower in my real estate. Had I known that I was, in addition, to restore to her all her personal property, I should never have exposed myself to so severe a penalty. The opinion of the Court was afterwards delivered by
Sedgwick, J.
We have considered the questions that have been argued, and are unanimously of opinion, that the first statute made no provision for a woman in the situation of the present libellant, except a dower in her husband’s lands, (a) We are also agreed that the additional act, passed March 7, 1806, applies to all cases of divorce decreed after the passing of it, whether the facts of adultery alleged and proved were committed before or after that dale. (b) By an intermarriage, the husband and wife, during the coverture, have, as a joint fund for their mutual benefit, the property which previously belonged to each, and also that which afterwards comes by either, and they have an inchoate title, which is consummated on survivorship, to certain proportions of this joint fund.
The legislature had an unquestionable right to prescribe what part of this joint fund shall go to each party, in the event of a separation by divorce. We think the provision not a hard one; and that, in most- cases, it is reasonable and just that the whole property which came to the husband through the wife should be restored to her, upon a criminal violation of the marriage contract on the part of the husband. But as there rpay be circumstances in this case which would lead the discretion of the Court to stop short of such an allowance, we shall malee no decree upon the subject at this time.
Note. — It was afterwards stated that certain terms had been mutually agreed by the parties; so nothing further was done in the matter by the Court.

 Davol vs. Davol, 13 Mass. Rep. 264.— Howard vs. Howard, 15 Mass. Rep. 196

 Vide Wilkinson on Line, 137—147, and the cases there cited.—2 Dwarris on Stat. 680—687, and cases there cited. — 7 Bacon Ab. by Guyl. & Dodd. 439, Stat. (c — Fowler vs. Chatterton, 6 Bingk. 258. — 1 Kent, Comm. 455, 2d ed.