## PHILLIPS VS. PHILLIPS.

DIVORCE: *Voluntary separation for five years—Evidence of intention—Chap. 37, Laws of 1866.*

1. Defendant left his wife in 1857, and for five years before the action lived in California. During that time he had written to others, but not to her; had never requested her to go and live with him; had stated no reason for not returning; had made no provision for their living together, and none for the support of the family; though it appeared that he had been doing well in business. The wife testified that she thought he had not intended, during that time, to live with her again, and that she had not had any intention during the same period, to live again with him. *Held,* that these facts are ground for a divorce under chap. 37, Laws of 1866.

2. Where the husband's declarations cannot be obtained in such a case, the fact that his absence was voluntary may be inferred from the facts in proof.

APPEAL from the Circuit Court for *Outagamie* County.

Action by the wife for a divorce from the bond of matrimony. The case is stated in the opinion. The circuit court found that the parties had not voluntarily lived entirely separate for five years next preceding the commencement of the action, and dismissed the complaint; from which judgment plaintiff appealed.

*Clark & Boyd,* for appellant, cited *Gregory v. Pierce,* 4 Met., 478; *Ahrenfeldt v. Ahrenfeldt,* 1 Hoffm., 47; 1 Bishop on Mar. & Div. (4th ed.), § 677; *McQuaid v. McQuaid,* Wright, 223.

COLE, J. Our statute makes it a cause for divorce from the bond of matrimony whenever the husband and wife shall have voluntarily lived entirely separate for the space of five years next preceding the application for the divorce. Chap. 37, Laws of 1866. It appears from the evidence, that the husband left his wife in March, 1857, and for the last

five years next preceding the commencement of the suit has lived in Tehama in California. The wife testifies that when her husband went away he told her that he should return in two years; that during the first two years he wrote to her, and that then it was three years before he wrote again: that he has written to others during the past five years, but not to her; that he has never requested her to go and live with him in California, and has stated no reason for not returning to her; that he has made no provision for their living together, in the past five years; and the daughter swears that he has made no provision for the family during that time. The wife further testified, that she did not think her husband was prevented from returning on account of business, or for want of means; that she has heard that he was doing well, and had large sums of money; that she is satisfied that he could have returned at any time, had he been so disposed. From his acts she thinks that he has not intended, for the past five years, to live with her again. This is the material part of the testimony; and we are inclined to think it makes out a case within the statute. Of course, it is impossible sometimes to get at the real intention of the party, and we can only gather it from his acts. We presume that men act deliberately and according to the dictates of their judgment. Now, where the husband is absent for years from his wife and family—makes no provision for their support—writes to others but not to his wife —does not say that he is detained by business, sickness, want of means, or any disability—makes no effort either to return to his family or have them come to him—what inference can we draw from his acts but that he voluntarily and purposely does just what he does do? Doubtless the circuit judge supposed that the plaintiff must show affirmatively, by some direct proof, that the husband voluntarily absented himself from his family. But the fact of voluntary aban-

donment or separation seems to be sufficiently proved in the case. The husband has continued absent from his wife during the statutory period, without any apparent cause. We must presume that he has done so voluntarily, as it was so easy for him to make known the real cause of his absence, if involuntary. His declarations are not to be obtained; and we must conclude from his conduct that he has acted deliberately in the matter. We are of the opinion that a sufficient cause for granting a divorce under this statute is made out by the evidence.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded with directions to enter judgment according to the prayer of the complaint.