## COLE vs. COLE.

DIVORCE: (1.) *Ch.* 37, *Laws of* 1866; *in what cases applicable.*
(2.) *Alimony.*

1. Chapter 37, Laws of 1866, which authorizes a divorce on the application of either party "whenever the husband and wife shall have voluntarily lived entirely separate for the space of five years next preceding" the commencement of the suit, is applicable to cases where the five years had partly elapsed before the passage of the act.
2. Where certain property retained by the wife after divorce, had been acquired and improved by the money of the husband, though the legal title was in her, it was properly treated as though it had been his, in determining the question of alimony.

APPEAL from the Circuit Court for *Jefferson* County.

Action for a divorce, commenced by the husband, July 17, 1869. The complaint averred, and the answer denied, that the parties had voluntarily lived entirely separate for the five years preceding the action. The court found that they had lived entirely separate since the 7th of July, 1864; held that plaintiff was entitled to the relief sought; and rendered judgment dissolving the marriage. Afterwards a referee, appointed to take testimony in regard to the property of the parties, reported that plaintiff's property was worth $10,309; that lots one and and three of block 45 of the city of Watertown (being a part of said property) were worth respectively $200 and $300; and that "block one of Pritchard's Second Addition, the homestead, was owned by the defendant under a deed made to her   *   *   by direction of the plaintiff, and that the value thereof is $4,500." The testimony of the plaintiff himself, as taken and reported by the referee, showed that he had in money, at the time of the separation from defendant, $1,300; that he had since received for rents over $5,288; that he had received from other sources (payments on previous contracts) over $3,000; and that his income from rents, at the time the testimony was taken,

was at the rate of about $800 per annum.   The court thereupon rendered a further judgment, that the title to said lots one and three of block 45 be passed to the defendant; that plaintiff pay her $300, one-half within sixty days, and the balance within six months, with interest; and that he also pay all the taxable costs in the action, with $50 additional to meet defendant's necessary expenses in defending the action.   The defendant excepted to the finding of fact above mentioned, and the conclusion of law, and appealed from both the judgment of divorce and that for alimony.

*M. B. Williams,* for appellant, argued that ch. 37, Laws of 1866, is an innovation upon the law of divorce as previously established, and ought to be strictly construed; that the "separation" which constitutes ground for a divorce, is not a mere going away from home by one of the parties, nor a mere discontinuance of cohabitation, but a forsaking of each other with a deliberate intention on the part of at least one of the parties, never to live together again; that the *entire* separation required by the statute must be not only from bed, but also from board; that the parties, while continuing to live in the same house together, and not breaking up entirely the family relation, do not live "entirely separate," although there may be no cohabitation; that this entire separation must also be strictly *voluntary* on both sides, and not a mere passive, unmurmuring submission by one party who had in fact no election; that, inasmuch as the plaintiff's own evidence showed that the parties had not permanently ceased to occupy the same house until near the end of August, 1864, it did not show five years of entire separation before this action was commenced; that the separation was a willful desertion of the defendant by the plaintiff, and not a voluntary separation on her part; and that the whole evidence showed that during the whole of the five years she desired to have him "come home and live."    2.  As to alimony, counsel argued that

equity and justice toward the defendant required that she should be placed in at least as favorable a situation as the law would have placed her in if the plaintiff, instead of deserting her, had died intestate; that she should receive a third part of his personal estate at the time of the separation, and an equivalent for one third of the rents and profits of the real estate; and that in this computation the fact that she owns the homestead (the title to which was vested in her in 1854) should not be taken into the account.

*Orton & Mulberger*, for respondent.   [No brief on file.]

COLE, J. The question whether the husband and wife had voluntarily lived separate for the space of five years next preceding the application for divorce, is one of fact to be settled by the evidence in the cause. And while there is some conflict of testimony upon the point, yet we are inclined to agree with the circuit court in the opinion that the evidence shows that the plaintiff and defendant had for more than five years next preceding the commencement of the suit voluntarily lived entirely separate from each other. The counsel for the defendant insists that the proofs show that the separation did not take place before the 29th of August, 1864. But we think the weight of testimony supports the conclusion of the circuit judge, that the parties separated early in the month of July of that year. We shall not, however, enter into a discussion of the evidence bearing upon this point, but content ourselves with merely stating the inference we have drawn from it.

It is further objected that the evidence shows that the parties had lived separate only a little more than three years after chap. 37, Laws of 1866, took effect; and it is said the separation must continue for five years after the passage of that act. Our construction of the law of 1866 has been, that it applied to separations which began before its passage, and which

continued until the application for divorce was made. *Phillips v. Phillips*, 22 Wis. 256. This law establishes a new ground of divorce, and is based upon the principle that where husband and wife have voluntarily lived entirely separate for a period of five years, the interest of society and public morality, as well as the good of the parties themselves, will be best promoted by a dissolution of the marriage relation. There is nothing in the language of this statute which would seem to require that the five years' separation must have occurred after the law took effect, and we must presume that it was intended to apply to present separations as well as future ones.

That the separation was voluntary, at least on the part of the plaintiff, there is no room to doubt. Indeed, there does not seem to have been, for some time before the final separation, any strong sympathy or affection between the parties, or desire to cohabit together as husband and wife. We therefore think a proper case was made out for a dissolution of the marriage contract.

But we are not entirely satisfied with the judgment assigning alimony. The court gave the defendant the homestead, lots oné and three in block forty-five, and $300, the plaintiff to pay all costs, etc. The homestead was estimated worth $4,000, or $4,500, and the two lots in block forty-five were valued at $500. It appears that the defendant has no separate estate, and the homestead assigned her would afford her but little support, considering the amount she will have to pay out for taxes and repairs upon the property. Indeed, it might not be going too far to assume that a residence situated as this is would be a source of expense, instead of profit, while she retains it. She would not be able to realize much more from the rent than would be necessary to meet the taxes and needful repairs. So that the homestead will be of little account so far as her support is concerned. We think

the defendant should have the election either to take the homestead, the two lots given her, and $1,000 in cash, or in lieu thereof $4,000 in money, and convey all the real estate assigned her to the plaintiff. If she should elect to take the $4,000 in money, the order could be so framed that its payment would not be oppressive to the plaintiff. Whatever may be the choice of the defendant, the plaintiff should be required to pay all costs in the circuit court, and all costs in this court, including $100 counsel fee. If the defendant should elect to retain the homestead and the two lots in block forty-five, then the amount of money allowed to her should be increased from $300 to $1,000.

We think it was perfectly just and proper for the court to take into consideration the homestead in arriving at the value of the plaintiff's estate. For while the title to the homestead was in the defendant, yet the evidence shows that the house was built and the property acquired and paid for by the plaintiff. It was really a part and parcel of his estate.

*By the Court.*—The judgment of divorce is affirmed. The judgment for alimony is reversed, and the cause remanded with directions to award alimony in accordance with this opinion.