## MINNIE E. LONG v. E. J. LONG.[1]

December 29, 1916.

Nos. 20,028—(148).

**Divorce — sentence of spouse to prison — statute retroactive.**

1. One of the causes for divorce under our statute as amended in 1909 is: Sentence to imprisonment in any state prison or reformatory subsequent to the marriage. *Held* that the language does not limit the cause to future sentences of imprisonment, the only limitation being that the sentence must be one imposed after the marriage.

**Finding sustained.**

The finding here sufficiently shows a sentence to imprisonment in a state prison.

Action for divorce in the district court for St. Louis county. The case was heard before Fesler, J., who made findings and ordered judgment in favor of plaintiff. Defendant's motion to strike out the first conclusion of law and insert therein that the action be dismissed, or for a new trial, was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*G. A. E. Finlayson,* for appellant.

*O. S. Andresen,* for respondent.

[1]Reported in 160 N. W. 687.

Note.—The question of effect of conviction and sentence of either husband or wife upon the marriage relations, is discussed in a note in 31 L.R.A. 515.

HOLT, J.

The parties hereto intermarried in 1893. In this action for divorce, the court found that in the circuit court of Michigan on November 25, 1908, defendant was sentenced for the crime of assault with intent to commit murder to imprisonment for a maximum term of his natural life and a minimum term of 10 years to the Branch Prison at Marquette, Michigan, where he ever since has been confined under said sentence. Plaintiff obtained the decree asked, and defendant appeals.

By chapter 443, p. 539, Laws 1909 (section 7111, G. S. 1913), one of the grounds for divorce then existing was amended so as to read: "Sentence to imprisonment in any state prison or state reformatory subsequent to the marriage; and in such a case a pardon shall not restore the conjugal rights." The only change made by the amendment was substituting the word "any" for the word "the" immediately preceding the words "state prison." The sole question is whether the statute covers cases where the conviction took place prior to its passage. This depends upon the intent of the legislature as expressed in the language used. The rule of statutory construction is that a retrospective effect is not intended. Especially is that true where the statute seems to reach contract or property rights, also safeguarded by constitutional provisions. There is, however, no valid objection to allowing a retrospective effect to laws involving grounds for divorce, provided the intention so to do is apparent. In his Constitutional Limitations, p. 529, Mr. Cooley, referring to the general subject of restrospective laws, says: "There is no doubt of the right of the legislature to pass statutes which reach back to and change or modify the effect of prior transactions, provided retrospective laws are not forbidden *eo nomine,* by the state Constitution, and provided further that no other objection exists to them other than their retrospective character." And Mr. Bishop in Volume 1, Marriage & Divorce, § 1480, treating this subject in respect to cases of divorce, states: "Divorce statutes concern the good order of society. If, contemplating the interest involved as public, it is for the public order and profit that marriage be dissoluble after the transpiring of a particular delictum, it can make no difference what was the date of the delinquency, or whether before or after the statute was enacted. Hence, when the legislative intent does not directly appear in the statutory words, they should be applied equally to past and future

transactions." See also section 1483 and section 1492 restating the doctrine. He admits the authorities are divided on the question. The view of the eminent author appeals to us as correct, and in a measure is supported by Stevens v. Stevens, 1 Met. (Mass.) 279; West v. West, 2 Mass. 223; Cole v. Cole, 27 Wis. 531; Elliott v. Elliott, 38 Md. 357.

But we doubt whether there is room for construction here, or for the application of the doctrine above stated. The meaning of the language seems plainly to indicate that sentence to imprisonment in any state prison or state reformatory, as a cause for divorce is limited as to time only by the provision that the sentence must be one imposed after marriage of the parties. The act contains no words importing future events like the desertion statute construed in Giles v. Giles, 22 Minn. 348, or the conviction of felony statute in Greenlaw v. Greenlaw, 12 N. H. 200. In fact, it will be noticed that in our present statutes no one of the causes for divorce is couched in language expressive of a limitation to a *delictum* occurring after the passage of the law. The decision in Giles v. Giles was rendered in 1876. In the code of 1878 we find the desertion ground for divorce changed and stated as in the present code. Our conclusion is that the trial court was right in granting plaintiff a divorce. There has been no cohabitation after sentence which by way of condonation has destroyed the cause of action. Defendant is still imprisoned.

The admittedly technical objection that the findings leave it doubtful whether the sentence was imprisonment in a state prison, cannot be sustained. The crime was attempted murder, the maximum duration of the imprisonment imposed by the sentence was for life, and the finding is that "defendant is now confined under said sentence and has been so confined since the year 1908, in the House of Correction and Branch Prison at Marquette, Michigan." There can be no doubt that the crime and the punishment point to the place of confinement as being a state prison.

The judgment is affirmed.