### PARKS v. PARKS.
### No. 67126.

District Court of the United States for the District of Columbia.

Jan. 19, 1940.

920

Geo. E. C. Hayes, of Washington, D. C., for plaintiff.

Fred B. Rhodes and C. B. Rhodes, both of Washington, D. C., for defendant.

LUHRING, Associate Justice.

The plaintiff seeks an absolute divorce from the defendant on the ground of voluntary separation from bed and board for five consecutive years without cohabitation.

The court, having heard the evidence, makes findings of fact and states conclusions of law as follows:

## Findings of Fact.

The parties were married on the 13th day of September, 1914 and lived and cohabited together as husband and wife in the District of Columbia until the 18th day of April, 1932, on which day the plaintiff without cause deserted the defendant and they have not lived together since. They are bona fide residents of the District of Columbia and have been for more than one year next before the filing of the application for divorce.

On the 25th day of November, 1932, the plaintiff and defendant entered into a separation agreement, the purpose of which, as therein recited, was to settle and adjust all marital interest and all legal rights and claims in and to the property of the other and make provision for the care and support of the wife, and for the care, support, custody and education of the children of the parties thereto, to wit: Thomas and Dorothy, 14 and 17 years of age respectively.

This separation agreement, among others, contained the following provision: "In consideration of any petition for a divorce now pending or which may be filed, either party hereto shall for any cause obtain a divorce from the other, the provisions of this agreement shall be embodied in the decree of divorce."

The defendant was compelled to and did sign the separation agreement in order to obtain funds for the purchase of food and other necessaries. The plaintiff complied with this agreement and paid the defendant $100 monthly until the 15th day of August, 1933. Since that time he has not paid the allowance, and is now paying the defendant the sum of $15 weekly pursuant to the decree of this court hereafter mentioned.

On May 24th, 1934, the defendant herein filed in this court her bill of complaint against the plaintiff alleging that on the 18th day of April, 1932, he, without cause, deserted her, and praying for a divorce a mensa et thoro. The husband answered and denied the desertion as alleged, and, with the answer, filed a copy of the separation agreement above mentioned. Such further proceedings were had as that on the 8th day of May, 1935, this court entered a final decree awarding to Mrs. Parks, the defendant herein, a divorce a mensa et thoro from the plaintiff herein on the ground of desertion, and ordered and directed him to pay the sum of $15 per week for her support and the support of their minor children.

This decree is in full force and effect (Parks v. Parks, 68 App.D.C. 363, 98 F.2d 235), and since its rendition the parties have not lived or cohabited together, nor has there been an attempt on the part of either to effect a reconciliation or to resume marital relations.

## Conclusions of Law.

██ Prior to August 7th, 1935, voluntary separation from bed and board for five consecutive years without cohabitation was not a ground for divorce in the District of Columbia. It was made a ground for divorce by the Act of August 7th, 1935, § 1, 49 Stat. 539, Tit. 14, § 63, Code D.C., Supp. IV. This Act was intended to liberalize and enlarge the divorce laws of the District of Columbia, both as to existing and prospective conditions. Tipping v. Tipping, 65 App.D.C. 222, 82 F.2d 828.

In the case cited it was held that voluntary separation from bed and board without cohabitation for eight consecutive years was sufficient ground for divorce notwith-

standing that only one month of separation occurred after the date of the enactment of the statute providing that such separation for five years should be ground for divorce.

The statute under consideration contains a proviso "that where a final decree of divorce from bed and board heretofore has been granted * * * and the separation of the parties has continued for two years since the date of such decree, the same may be enlarged into a decree of absolute divorce from the bond of marriage upon the application of the innocent spouse."

At the time the divorce a mensa et thoro was awarded the defendant herein, Tit. 14, § 65, Code D.C. made provision for a revocation of the decree upon the joint application of the parties. This statute was not repealed by the Act of August 7th, 1935. Furthermore, it was the law then as it is now that where a divorce from bed and board has been decreed the court may afterwards decree an absolute divorce between the parties for any cause arising since the first decree and sufficient to entitle the complaining party to such decree. Tit. 14, § 66, Code D.C.

The statutes cited indicate that a divorce a mensa et thoro was intended to establish and did establish a permanent status, which can be changed only by revocation of the decree, Tit. 14, § 65, Code D.C., or by absolute divorce for cause arising since the decree, Tit. 14, § 66, Code D. C., or by the enlargement of the decree into a decree of absolute divorce upon the application of the innocent spouse, in this case, the defendant. Tit. 14, § 63, Code D.C., Supp. IV. The case of Tipping v. Tipping, supra, has no application here.

The complaint herein was filed May 6th, 1938, approximately three years since the defendant was granted the divorce a mensa et thoro. Certainly at that time a cause of action for an absolute divorce on the ground of voluntary separation for five years had not arisen.

The bill of complaint should be dismissed.

It is so ordered, and counsel will prepare and submit decree accordingly.