Estelle D. Deininger v. Commissioner.
Deininger v. Commissioner
Docket No. 73761.
United States Tax Court
T.C. Memo 1961-212; 1961 Tax Ct. Memo LEXIS 137; 20 T.C.M. (CCH) 1054; T.C.M. (RIA) 61212; July 18, 1961
*137 Held, amounts paid monthly to petitioner by her former husband pursuant to a decree of divorce a mensa et thoro "as alimony and maintenance for herself and the minor child of the parties" for the years 1948 through 1950, and amounts paid monthly to petitioner by her former husband pursuant to an order reducing alimony "as alimony for herself alone" for the years 1951 through 1955, are includible in petitioner's gross income under section 22(k), I.R.C. 1939, for the years 1948 through 1953 and, under section 71(a)(1), I.R.C. 1954, for the years 1954 and 1955. Cf. Commissioner v. Lester, 366 U.S. 299 (May 22, 1961). Held, further, petitioner is not liable for additions to tax for failure to file income tax returns for the years 1948 through 1950 and for failure to file estimated tax tax returns for the years 1950 through 1954, because her failure to file such returns was not due to willful neglect but was due to reasonable cause. Estelle D. Deininger, pro se, 5706 Nevada Ave., Washington, D.C. , and by James J. Laughlin, Esq. Herbert A. Seidman, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion ARUNDELL, Judge: Respondent determined deficiencies in income *138 tax and additions to the tax for the calendar years 1948 through 1955, as follows: Additions to the Tax Under 1939 Code
Year
Deficiency § 291(a) § 294(d)(1)(A) § 294(d)(2)
1948
$ 97.29
$ 24.32
1949
474.02
118.51
1950
560.16
133.39
$48.02
$32.01
1951
761.18
66.89
44.59
1952
777.12
69.37
46.25
1953
735.91
65.31
43.54
1954
527.39
46.73
30.30
1955
499.28
In view of the decision in Commissioner v. Acker, 361 U.S. 87 (1959), respondent concedes that the additions to the tax under section 294(d)(2) for the years 1950 through 1954 are not properly assessable. Also, respondent concedes petitioner is entitled to an additional exemption of $600 under section 25(b)(1)(D), I.R.C. 1939, as amended, for each of the years 1951, 1952, and 1953. Effect will be given to these concessions under the recomputations to be made under Rule 50. The issues remaining for decision are: (1) whether amounts paid monthly to petitioner by her former husband pursuant to a decree of divorce a mensa et thoro "as alimony and maintenance for herself and the minor child of the parties" for the years 1948 through 1950, and amounts paid monthly to petitioner by her former husband pursuant to an order reducing alimony "as alimony for herself alone" for *139 the years 1951 through 1955, are includible in petitioner's gross income under section 22(k), I.R.C. 1939, for the years 1948 through 1953 and under section 71(a)(1), I.R.C. 1954, for the years 1954 and 1955, and (2) whether petitioner is liable for additions to the tax for failure to file income tax returns for the years 1948 through 1950 and for failure to file estimated tax returns for the years 1950 through 1954. Findings of Fact The stipulated facts are so found and are incorporated herein by this reference. Petitioner is an individual residing in Washington, D.C. During the years 1948, 1949, and 1950 petitioner filed no Federal individual income tax returns. For the years 1951 through 1955, petitioner filed Federal individual income tax returns with the district director of internal revenue at Baltimore, Maryland. Petitioner and Frederick Albert Deininger were married on February 22, 1928, at Washington, D.C. One child, Frederick Bertrand Deininger, was born of this marriage on February 15, 1929. On January 27, 1948, petitioner filed a "Complaint For Limited Divorce on Grounds of Cruelty" against Frederick in the District Court of the United States for the District of Columbia, *140 being Civil Action No. 367-48. On June 25, 1948, the court issued its decree in which it granted petitioner judgment for limited divorce. The material provisions of the decree, for our purposes, are as follows: ORDERED, ADJUDGED AND DECREED: That the plaintiff, Estelle Desiree Deininger, be and she is hereby granted a decree of divorce a mensa et thoro from the defendant, Frederick Albert Deininger, on the grounds of cruelty; and it is further ORDERED, that the counter-claim filed by the defendant be and the same is hereby dismissed; and it is further ORDERED, that the defendant pay to the plaintiff the sum of $450.00 per month as alimony and maintenance for herself and the minor child of the parties, hereby committed to her custody, * * * and that plaintiff shall pay therefrom without delay, as they become due, the monthly payments on the first trust obligation on 5706 Nevada Avenue, N.W., to which the parties hold title as tenants by the entireties, now fixed at $94.00, covering insurance, interest, principal and taxes, and as they become due, the bills for electric and gas service * * *. The judgment of the U.S. District Court for the District of Columbia was appealed to the U.S. *141 Court of Appeals for the District of Columbia and was affirmed by the appellate court on February 6, 1950. On February 15, 1950, the son became of age and on May 26, 1950, the father filed in the U.S. District Court for the District of Columbia, Civil Action No. 367-48 a "Motion to Reduce Alimony." On December 19, 1950, the judge of the court signed an "Order Reducing Alimony" and, among other things, it - ORDERED: That defendant's said motion be, and the same hereby is, granted, and plaintiff's said motion be, and the same hereby is, denied and overruled, and it is further, ORDERED: That defendant henceforth pay to the plaintiff the sum of * * * ($375.00) per month as alimony for herself alone, * * * the plaintiff to remain under the requirements of said judgment of June 25, 1948, to pay without delay, as they become due, the monthly payments on the first trust obligation on 5706 Nevada Avenue, N.W., covering insurance, interest, principal and taxes, and as they become due, the bills for electric and gas service * * *. During the years 1948 to 1955, inclusive, petitioner, in accordance with the decree of divorce, received from her divorced husband the amounts of $2,700 for 1948, $5,400 *142 for each of the years 1949 and 1950, and $4,500 for each of the years 1951 through 1955. From these amounts the respondent, in his notice of deficiency, deducted the principal and interest payments made by petitioner annually on the property at 5706 Nevada Avenue in the amounts of $454.62 for 1948, and $909.24 foreach of the years 1949 through 1955, and included only the balance in petitioner's income as "Alimony income" as follows: Year
Receipts
Payments
Alimony
1948
$2,700
$454.62
$2,245.38
1949
5,400
909.24
4,490.76
1950
5,400
909.24
4,490.76
1951
4,500
909.24
3,590.76
1952
4,500
909.24
3,590.76
1953
4,500
909.24
3,590.76
1954
4,500
909.24
3,590.76
1955
4,500
909.24
3,590.76
In the notice of deficiency the respondent allowed petitioner itemized deductions for all the years except 1951, for which year he allowed the standard deduction. The itemized deductions included the taxes petitioner was required to pay on the property at 5706 Nevada Avenue. Respondent also allowed petitioner "exemptions" of $1,200 for the years 1948 through 1950 and $600 for each of the years 1951 through 1955. Petitioner's failure to file income tax returns for 1948, 1949, and 1950 was due to reasonable cause and was not due to willful neglect. *143 For the years 1950 to 1954, inclusive, petitioner failed to file a declaration of estimated tax. The failure was due to reasonable cause and was not due to willful neglect. Opinion Respondent has included in petitioner's income for the years 1948 through 1953, under section 22(k), I.R.C. 1939, [1] *144 and for the years 1954 and 1955, under section 71(a)(1), I.R.C. 1954, [2] the net amounts received from her divorced husband after deducting from the gross amounts the payments she was required to make on the property at 5706 Nevada Avenue. Petitioner contends that sections 22 and 71 are not applicable in her case because her divorce was limited and not absolute. The judgment of the District Court for the District of Columbia granted to petitioner in this case a "decree of divorce a mensa et thoro." Under the laws of the District of Columbia the term "a mensa et thoro" is synonymous with the term "legal separation from bed and board," and establishes a permanent status which *145 can be changed only by revocation of the decree or by absolute divorce for cause arising since the decree, or by the enlargement of the decree into a decree of absolute divorce upon the application of the innocent spouse. Maschaur v. Maschaur, 23 App. D.C. 87 (1904); Parks v. Parks, 79 F. Supp. 919 (D.C. 1940), reversed on other grounds, 116 F. 2d 556. Consequently, the decree a mensa et thoro, under the laws of the District of Columbia, legitimizes the living apart of the spouses and effectuates a legal separation. As such, it would fulfill the requirements of section 22(k) and 71(a) of the 1939 and 1954 Codes, respectively. Petitioner also contends that some portion of the periodic payments received by petitioner during 1948, 1949, and 1950 should be designated as support for petitioner's minor son and, therefore, not included in petitioner's income under that part of section 22(k) which provides: This subsection shall not apply to that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband. In the recent case *146 of Commissioner v. Lester, 366 U.S. 299 (May 22, 1961), the Supreme Court held that a decree or written instrument does not "fix" an amount payable for the support of minor children, as provided in the statute, unless such amount is "specifically designated" for child support. In so holding, the Court stated: The agreement must expressly specify or "fix" a sum certain or percentage of the payment for child support before any of the payment is excluded from the wife's income. The statutory requirement is strict and carefully worded. It does not say that "a sufficiently clear purpose" on the part of the parties is sufficient to shift the tax. It says that the "written instrument" must "fix" that "portion of the payment" which is to go to the support of the children. Otherwise, the wife must pay the tax on the whole payment. We are obliged to enforce this mandate of the Congress. In the instant case, the decree merely ordered that the husband pay petitioner the sum of $450 per month "as alimony and maintenance for herself and the minor child of the parties, hereby committed to her custody * * *." It is plain that the decree did not "fix" that "portion of the payment" which was to be *147 used for the son's support, and that, under the Lester decision, the total amount of the monthly payments, less of course the principal and interest payments deducted by the respondent, is taxable to petitioner. Both section 291(a) and section 294(d)(1)(A) of the 1939 Code provide that the additions to the tax for failure to file the required returns shall not apply if it is shown that such failure is "due to reasonable cause and not due to willful neglect." In the instant case petitioner sought the advice of a practicing attorney who told her that she would not have to pay any income tax on any alimony award in a "limited" divorce. For the years 1948, 1949, and 1950 petitioner had no other income and, therefore, filed no returns for those years. We think petitioner has shown that her failure to file returns for those years was due to reasonable cause and was not due to willful neglect, and we have so found. Absent alimony income during the years 1950 to 1954, inclusive, petitioner did not have sufficient income from other sources to require the filing of a declaration of estimated tax under section 58, I.R.C. 1939. [3] In no year did petitioner's wages exceed the $2,656.84 reported *148 by her in her 1952 return and in no year did she have any gross income from sources other than wages. We hold that petitioner is taxable on the alimony as determined by the respondent but that she is not liable for any additions to the tax for failure to file income tax returns for 1948, 1949, and 1950, or declarations of estimated tax for the years 1950 through 1954. Decision will be entered under Rule 50. Footnotes
1. Internal Revenue Code of 1939: SEC. 22. GROSS INCOME. (k) Alimony, Etc., Income. - In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments * * * received subsequent to such decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife * * *. This subsection shall not apply to that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband. * * * [Italics supplied.] 2. Internal Revenue Code of 1954: SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - (1) Decree of divorce or separate maintenance. - If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments * * * received after such decree in discharge of * * * a legal obligation, which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.↩
3. SEC. 58. DECLARATION OF ESTIMATED TAX BY INDIVIDUALS. (a) Requirement of Declaration. - Every individual * * * shall, at the time prescribed in subsection (d), make a declaration of his estimated tax for the taxable year if - (1) his gross income from wages (as defined in section 1621) can reasonably be expected to exceed the sum of $4,500 plus $600 with respect to each exemption provided in section 25(b); or (2) his gross income from sources other than wages (as defined in section 1621) can reasonably be expected to exceed $100 for the taxable year and his gross income to be $600 or more.↩